David Kahn, Esq.
Nevada Bar No. 7038
Sheri M. Thome, Esq.
Nevada Bar No. 008657
Trevor J. Hatfield, Esq.
Nevada Bar No. 007373
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; FAX (702) 727-1401
**david.kahn@wilsonelser.com**
**Sheri.thome@wilsonelser.com**
**Trevor.hatfield@wilsonelser.com**
Attorneys for Plaintiff
CHANEL, INC

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>        Plaintiff,<br>v.<br><br>MAHMMOUD AZIZ, CARLOS PEREIRA a/k/a FABIO JANEIRO, and DOES 1-10,<br><br>        Defendants. | Case No. 2:10-cv-00568 |

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

THIS MATTER having come before the Court upon Plaintiff, Chanel, Inc.'s ("Chanel" or "Plaintiff") Motion for Entry of Final Default Judgment against Defendants Mahmmoud Aziz ("Aziz") and Carlos Pereira a/k/a Fabio Janeiro ("Pereira") (together, the "Defendants"), and the Court having considered the moving papers and there being no opposition thereto;

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Final Default Judgment is GRANTED, and judgment is herby entered in favor of Plaintiff, Chanel, Inc, a New York corporation, with its principal place of business in the United States located at Nine West 57th

206311.1

Street, New York, New York 10019, and against Defendants on all Counts of the Complaint as follows:

(1)   Permanent Injunctive Relief:

Defendants and their respective officers, agents, servants, employees, and attorneys, and all persons acting in concert and participation with them are hereby permanently restrained and enjoined from:

(a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Chanel Marks;

(b) using the Chanel Marks in connection with the sale of any unauthorized goods;

(c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants offered for sale or sold via the Internet websites operating under the domain names listed on Schedule "1" attached hereto (the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

(d) falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

(e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants offered for sale of sold via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants via the Subject Domain Names and/or any other website or business, including, without limitation, handbags, shoes, boots, watches, key chains, and jewelry, including earrings and bracelets;

206311.1

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

(h) offering such goods in commerce;

(i) otherwise unfairly competing with Plaintiff;

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

(k) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief:

(l) In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendants, their assignees and/or successors in interest or title, and the Registrars to Plaintiff's control.  To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within ten (10) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, transfer the Subject Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

(m) Upon Plaintiff's request, the top level domain (TLD) Registry for the Subject Domain Names shall place the Subject Domain Names on Registry Hold status within thirty (30) days of receipt of this Order, thus removing them from the TLD zone files

206311.1

maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted;

(n) Upon Plaintiff's request, Defendants, those acting in concert with them, and those with notice of the Injunction, including any Internet search engines, including Google, Yahoo!, and Bing, Web hosts, domain-name registrars and domain-name registries that are provided with notice of the Injunction, shall be and are hereby restrained and enjoined from facilitating access to any or all websites through which Defendants engage in the sale of counterfeit and infringing goods using the Chanel Marks; and

(o) Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registries responsible for the Subject Domain Names transfer and/or disable the Subject Domain Names.

(3) Statutory damages:

Plaintiff is awarded statutory damages against Defendants, jointly and severally, in the amount of $288,000.00 pursuant to 15 U.S.C. § 1117(c), for which let execution issue;

(4) Costs of Suit: Plaintiff is awarded costs against Defendants in the amount of $700.00, jointly and severally, pursuant to 15 U.S.C. § 1117(a), for which let execution issue;

(5) Interest from the date this action was filed shall accrue at the legal rate.

IT IS SO ORDERED AND ADJUDGED.

Dated: 12/17/2010

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

206311.1